IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRELL LOVE,

    Petitioner,

  v.

JAMES A. YATES, Warden,

    Respondent.

No. C 05-3995 JSW

**ORDER TO SHOW CAUSE**

    Petitioner Terrell Love, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    Petitioner was convicted by a jury of murder in the first degree, attempted murder, and being an ex-felon in possession of a weapon. The jury also found that Petitioner personally used a firearm in violation of California Penal Code § 12021(a) and inflicted great bodily injury in violation of California Penal Code § 12022.7. Petitioner admitted the first charged prior conviction pursuant to California Penal Code §§ 667.5(b) and 667(e)(1) and the court struck the second and third prior conviction allegations.

    On February 23, 2000, the trial court sentenced Petitioner to state prison for 66 years to life: 50 years to life for first degree murder (25 years to life doubled), four years for the personal firearm use enhancement for first degree murder, four years and eight months for attempted murder, 16 months for the personal firearm use enhancement for attempted murder, one year for

1  the attempted murder great bodily injury enhancement, and five years for the § 667.5(b) prior
2  conviction.
3        Petitioner unsuccessfully appealed his conviction to the First District Court of Appeal of
4  California which found one sentencing error requiring the striking of five years imposed for the
5  § 667.5(b) enhancement and affirmed the conviction in all other respects.  Petitioner then filed a
6  petition for review before the Supreme Court of California which was denied on December 11,
7  2002.  Petitioner filed his petition for writ of habeas corpus in this Court on October 3, 2005.

**DISCUSSION**

9     **A.**    **Legal Standard.**
10        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
11  custody pursuant to the judgment of a State court only on the ground that he is in custody in
12  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It
13  shall "award the writ or issue an order directing the respondent to show cause why the writ
14  should not be granted, unless it appears from the application that the applicant or person
15  detained is not entitled thereto."  28 U.S.C. § 2243.
16        Summary dismissal is appropriate only where the allegations in the petition are vague or
17  conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908
18  F.2d 490, 491 (9th Cir. 1990).
19     **B.**    **Petitioner's Legal Claims.**
20        Petitioner seeks federal habeas corpus relief by raising the following claims: (1)  the
21  prosecutor engaged in misconduct by exercising peremptory challenges on the basis of race in
22  violation of Petitioner's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments; (2)
23  the trial court erroneously dismissed a juror in violation of Petitioner's rights under the Fifth,
24  Sixth, Eighth and Fourteenth Amendments; and (3) the prosecutor engaged in misconduct by
25  commenting on Petitioner's failure to testify in violation of Petitioner's rights under the Fifth,
26  Sixth, Eighth and Fourteenth Amendments.  Liberally construed, the claims appear potentially
27  colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.
28

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. Petitioner shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   December 23, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3