IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRELL LOVE,

    Petitioner,

v.

JAMES A. YATES, Warden,

    Respondent.

No. C 05-03995 JSW

**ORDER DENYING MOTION TO DISMISS PETITION AS UNTIMELY**

Petitioner, Terrell Love, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On December 23, 2005, the Court ordered Respondent, James A. Yates, to show cause why the petition should not be granted. On February 21, 2006, Respondent filed a motion to dismiss the petition as untimely. On April 7, 2006, Petitioner filed an opposition, and on April 11, 2006, Respondent filed a reply. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby DENIES Respondent's motion to dismiss.

**BACKGROUND**

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposes a one-year statute of limitation on the filing of federal habeas corpus petitions. Petitioner's direct appeal became final on March 11, 2003, 90 days after the California Supreme Court denied review. Absent tolling, AEDPA imposed a deadline of March 11, 2004 for Petitioner to file a timely federal habeas petition. On March 9, 2004, two days

1 before the limitations period expired, Petitioner filed a habeas corpus petition in the California
2 Supreme Court. Petitioner's filing tolled the statute of limitations until the California Supreme
3 Court denied the petition, on September 7, 2005. On October 3, 3005, 24 days past the AEDPA
4 deadline of September 9, 2005, Petitioner filed his federal petition for writ of habeas corpus
5 before this Court.

## DISCUSSION

The issue before the Court is whether Petitioner timely filed his federal habeas petition. Petitioner filed his habeas petition late, 24 days past the one-year limitations period. However, under certain circumstances Petitioner is entitled to equitable tolling of the limitations period. In seeking equitable tolling, a petitioner must establish that: (1) he has pursued his rights diligently, and (2) extraordinary circumstances beyond his control prevented him from timely filing the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, counsel for Petitioner acted diligently. Counsel registered for e-mail notification with the California Supreme Court, prepared a draft of the habeas petition prior to receiving the final state court decision, and filed the federal petition only one calendar day after receiving notice of the denial of his state habeas petition. In addition, the Court finds that extraordinary circumstances beyond his control prevented Petitioner from timely filing. Petitioner faced two obstacles beyond his control. First, due to some defect, the California Supreme Court failed to provide e-mail notification of the state habeas denial to counsel. Second, counsel did not receive a hard copy of the court order in a timely manner. (*See* Declaration of Neoma Kenwood, ¶ 8.) Although the circumstances are not entirely clear, it is most likely that the envelope containing the court order was initially attached to another piece of mail and ended up in someone else's mailbox. Counsel for Petitioner only received the state court opinion when the mistake was remedied and the mail was properly placed in her mailbox. (*See id.*) These circumstances, beyond counsel's control, deprived Petitioner of the opportunity to file within the statutory limitations period. Because Petitioner pursued his rights diligently and faced extraordinary circumstances beyond his control, the Court finds cause to equitably toll the limitations period. Thus, Petitioner is not time-barred from filing his habeas petition.

2

1  Respondent asserts that the diligence requirement applies additionally to Petitioner's
2  state habeas petition, citing *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Petitioner filed
3  his state habeas petition with the California Supreme Court two days before the one-year
4  limitation period expired. (*See* Supplemental Declaration of Neoma Kenwood, ¶ 4.)[1] While
5  there were only two days remaining, Petitioner filed as soon as he obtained necessary
6  information. Petitioner was only able to secure the declaration of a material witness five days
7  prior to the filing of the California Supreme Court petition due to the relocation of that witness.
8  (*See id.*) Having obtained, analyzed, and interpreted the information from the key witness on
9  March 4, 2004, Petitioner diligently filed his petition before the California Supreme Court five
10 days later on March 9, 2004. The Court finds that Petitioner acted diligently in filing his state
11 habeas petition.

12 In addition, Respondent asserts that extraordinary circumstances require "some kind of
13 wrongful conduct by state officials." (Reply Br. at 4.) Although wrongful conduct by a state
14 official *can* create an extraordinary circumstance, *Stillman v. Lamarque*, 319 F.3d 1199, 1202
15 (9th Cir. 2003) (citations omitted), such conduct is not required to make such a finding. In fact,
16 the Ninth Circuit has found extraordinary circumstances to exist for reasons independent of
17 wrongful state conduct. *See, e.g.*, *Calderon v. United States District Court (Beeler)*, 128 F.3d
18 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States*
19 *District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (holding that withdrawal of petitioner's
20 lead attorney justifies equitable tolling); *Kelly*, 163 F.3d at 541 (holding that petitioner's mental
21 incompetence justifies equitable tolling for a reasonable period of time after such a
22 determination). Wrongful conduct by a state official is not necessary for a finding of equitable
23 tolling.

24 Lastly, Respondent asserts that the mailbox rule does not apply to Petitioner because he
25 is not a pro se litigant. (Br. at 3.) Application of the mailbox rule creates the presumption that
26 a habeas petition is filed at the time a prisoner delivers it to prison authorities. *Stillman*, 319

---

28  [1] The Court GRANTS Petitioner's motion for leave to file the supplemental declaration.

3

F.3d at 1201. A prisoner cannot benefit from the mailbox rule if he is assisted by counsel. *Id.* In this case, Petitioner is not proceeding pro se, and therefore is precluded from the benefits of the mailbox rule. However, such a result is irrelevant. Petitioner does not contend that prison official conduct delayed the filing of his habeas petition. Rather, Petitioner contends that he is entitled to equitable tolling due to his own diligence in filing and the existence of extraordinary circumstances. Because the mailbox rule is irrelevant to the analysis, it does not affect the Court's assessment of equitable tolling.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely is DENIED. In light of the Court's denial of Respondent's motion, Respondent must file and serve on Petitioner before July 18, 2006, an answer showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the administrative record that are relevant to a determination of the issues presented in the petition.

If Petitioner wishes to respond to the answer, he must do so by filing and serving a traverse on or before August 17, 2006.

**IT IS SO ORDERED.**

Dated: June 15, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4